```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Latanya RICKS,                                         :
                                                       :
                        Plaintiff,                     :          **MEMORANDUM AND ORDER**
                                                       :
               -against-                               :          05-CV-4055 (DLI) (CLP)
                                                       :
BUDGET RENT-A-CAR SYSTEMS,                             :
Yvette STOKES, and James H. WELLS,                     :
                                                       :
                        Defendants.                    :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

This case was removed from the Kings County Supreme Court by defendants Budget Rent-A-Car Systems ("Budget") and Yvette Stokes. Plaintiff has filed a motion to remand. Jurisdiction is based on diversity of citizenship. For the reasons set forth below, plaintiff's motion is denied and defendants are granted leave to amend the notice of removal consistent with this Memorandum and Order.

The following facts are taken from the complaint and petition for removal. Plaintiff Latanya Ricks is a New York resident. Defendant Budget is a Delaware corporation with its principal place of business in New Jersey. Defendant Stokes is a Delaware resident. Defendant Wells is a New Jersey resident. It is undisputed that the amount in controversy meets the jurisdictional threshold.[1]

Plaintiff presses three arguments in favor of remand. First, plaintiff argues that diversity is lacking because Budget has numerous places of business in New York, where plaintiff resides.[2]

---

[1] Because this Memorandum and Order resolves all outstanding issues concerning the pending motion for remand, the status conference originally scheduled for September 29, 2005 is hereby cancelled.

[2] Plaintiff has attached a printout of Budget locations in New York. Plaintiff also argues that diversity is lacking because Budget has numerous locations in Delaware, where defendant Stokes resides. This argument fails for the same reason plaintiff's second argument fails as discussed *infra*.

Second, plaintiff argues that complete diversity is lacking because defendant Stokes resides in Delaware, the same state where defendant Budget is incorporated. Finally, plaintiff points out that defendants citation to 28 U.S.C. § 1441(c) as a basis for subject matter jurisdiction is incorrect.

28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business...." Budget is therefore a citizen of Delaware, where it is incorporated, and New Jersey, where Budget has its principal place of business.[3] The fact that Budget does business in New York does not make Budget a citizen of New York and is therefore irrelevant for purposes of determining diversity jurisdiction. See *Kelbert v. Travelers Ins. Co.*, 245 F.Supp. 31, 32 (S.D.N.Y. 1965) ("[T]he contention is without merit that because defendant was authorized to, and does, business in New York it is therefore a citizen of New York for diversity purposes.")

Plaintiff's second argument, that complete diversity is lacking because two of the defendants are citizens of the same state, is frivolous. 28 U.S.C. § 1332(a)(1) requires diversity as to adverse parties only. The Complete Diversity Rule, from which plaintiff claims support for their argument, provides that all plaintiffs must be of diverse citizenship with all defendants. The Rule does not require that all defendants (or plaintiffs) be of diverse citizenship with each other. Reference to the most basic principles of diversity jurisdiction, first enunciated 199 years ago in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) would have revealed the frivolity of this argument.

---

[3] Budget's claim that its principal place of business is in New Jersey is not disputed in plaintiff's moving papers. Plaintiff alleges, in her Complaint, that Budget maintains a principal place of business in Florida. For purposes of this motion, it is irrelevant whether Budget's principal place of business is in New Jersey or Florida. In addition, to the extent plaintiff alleges, in paragraph 2 of the Complaint, that Budget is incorporated in New York, that allegation is contradicted by the affirmation of plaintiff's counsel which states the Budget is incorporated in Delaware.

As to plaintiff's remaining contention, plaintiff is correct that defendants have inappropriately cited 23 U.S.C. § 1441(c).[4] While the court does not believe that this citation error defeats diversity jurisdiction, in the interests of accuracy, and mindful of the fact that it is the defendants' burden to articulate a basis for this court's subject matter jurisdiction, defendants are hereby given ten days leave to file an amended notice of removal which clearly sets forth the basis for this court's jurisdiction and cites the correct jurisdiction-conferring statute. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.")

While none of the arguments urged by the plaintiff warrant remand, this court is obliged to consider, *sua sponte*, whether subject matter jurisdiction exists. As set forth above, defendants have alleged in their notice of removal that the plaintiff is a resident of New York, that defendant Budget is a Delaware corporation with its principal place of business in New Jersey, that defendant Stokes is a Delaware resident, and that defendant Wells is a New Jersey resident. "However, 28 U.S.C. § 1332 requires diversity of citizenship, not merely residence." *Hoerner v. Metropolitan Life Ins. Co.*, 2001 WL 277297 (S.D.N.Y. 2001). "[I]t is well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997); *see also Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) ("[A]llegations of residence are insufficient to establish diversity jurisdiction. . . . [W]hen the parties allege residence but not citizenship, the court must dismiss the suit.")[5] As stated above, pursuant to 28 U.S.C. § 1653, defendants will be given ten days (i.e., until September 20, 2005) to file and serve an amended notice of removal

---

[4] 28 U.S.C. 1441(c) refers to pendent jurisdiction over state law claims in cases in which subject matter jurisdiction is based on the existence of a federal question.

[5] Plaintiff's second argument for removal may be denied on this basis as well, since plaintiff alleges only that defendant Stokes is a resident of Delaware, and not a citizen of that state.

3

adequately alleging jurisdiction or the court will remand this case. Plaintiff's motion for remand is denied.

SO ORDERED

DATED:    Brooklyn, New York
          September 6, 2005

                                                                                         _____/s/_____
                                                                                         DORA L. IRIZARRY
                                                                                     United States District Judge